UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                          :
UNITED STATES OF AMERICA,            :     Case No. 1:14-CR-214
                                                          :     Case No. 1:16-CV-519
    Plaintiff,                                     :
                                                          :
vs.                                                      :     OPINION & ORDER
                                                          :     [Resolving Doc. 892]
TONY GOODWIN,                               :
                                                          :
    Defendant.                                   :
                                                          :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Tony Goodwin petitions for habeas corpus relief under 28 U.S.C. § 2255. He argues that he no longer qualifies as a career offender and was improperly sentenced under the United States Sentencing Guideline § 4B1.1; 1.2(a).[1] Goodwin also argues that his trial counsel provided ineffective assistance by failing to object to his career offender status.[2] The Supreme Court's recent opinion in *Beckles v. United States*[3] forecloses both arguments.

Defendant Goodwin's argument centers on the relationship between the Guidelines and the Armed Career Criminals Act.

On June 26, 2015, the Supreme Court gave an opinion in *Johnson v. United States*, holding that the residual clause of the Armed Career Criminals Act was unconstitutionally vague.[4] If a sentencing court imposed an increased sentence based on felonies that qualified under the residual clause alone, that sentence violated a criminal defendant's constitutional right to due process.[5]

---

[1] Doc. 892. The Government opposes. Doc. 895. Defendant Skipper replied. Doc. 897.
[2] Doc. 892 at 7.
[3] No. 15-8544, 2017 WL 855781 (U.S. Mar. 6, 2017).
[4] ___ U.S. ___, 135 S. Ct. 2551 (2015).
[5] *Id.*

Case No. 1:14-CR-214
Gwin, J.

A criminal defendant sentenced under the ACCA residual clause can collaterally challenge his sentence under the ACCA in a § 2255 habeas proceeding.[6]

The Guidelines' career offender provision defines "crime of violence" using the same language ruled unconstitutional in *Johnson*.[7] Therefore, after *Johnson*, many criminal defendants sentenced under the Guidelines' career offender provision have argued that *Johnson*'s holding should also apply retroactively to Guidelines cases.

In *Beckles*, the Supreme Court rejected this exact argument. There, Petitioner argued that because the Court's *Johnson* opinion held "that the identically worded residual clause in the Armed Career Criminal Act . . . was unconstitutionally vague . . . the Guidelines' residual clause is also void for vagueness."[8] The Court held that because of the Guidelines' advisory nature, they "are not subject to vagueness challenges under the Due Process Clause."[9]

As a result, Petitioner Goodwin's ineffective assistance of counsel argument also fails. Petitioner argues that because *Johnson* was pending at the time of his sentencing, his lawyer gave ineffective assistance by failing to object to his career offender status.[10] Petitioner reasons that had counsel objected, Petitioner could have appealed his sentence and won based on the outcome of *Johnson*.[11]

Because the Supreme Court determined in *Beckles* that *Johnson*'s outcome has no effect on Guidelines cases, Petitioner's ineffective assistance claim is denied. The Petitioner shows no prejudice from any failure of his attorney to make an argument that, we now know, would lose.

---

[6] *Welch v. United States*, ___ U.S. ___, 136 S. Ct. 1257, 1265 (2016).
[7] *See* United States Sentencing Guideline § 4B1.2(a) (emphasis added).
[8] No. 15-8544, 2017 WL 855781, at *3 (U.S. Mar. 6, 2017).
[9] *Id*.
[10] Doc. 892 at 7.
[11] *Id*. at 8-9.

-2-

Case No. 1:14-CR-214
Gwin, J.

The Supreme Court's decision dictates the outcome of *Beckles*-dependant cases pending across the federal courts. Accordingly, this Court **DENIES** Defendant Goodwin's § 2255 petition.

IT IS SO ORDERED.


Dated: March 20, 2017                                *s/      James S. Gwin*
                                                     JAMES S. GWIN
                                                     UNITED STATES DISTRICT JUDGE