UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:14-cr-214 |
| Plaintiff, | : | |
| vs. | : | ORDER<br>[Resolving Docs. 1108, 1148] |
| TONY GOODWIN, | : | |
| Defendant. | : | |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On March 20, 2017, this Court denied Defendant Tony Goodwin's petition for habeas corpus relief under 28 U.S.C. § 2254.[1] On April 20, 2020, Defendant Goodwin moved for relief from this denial under Federal Rule of Civil Procedure 60(b).[2] On August 6, 2020, Goodwin moved to amend his April motion for relief.

Movants may not use Rule 60(b) to to "attack[] the federal court's previous resolution of a claim *on the merits*."[3] Although labeled as a Rule 60(b) motion, Goodwin's April motion is "in substance a successive habeas petition and should be treated accordingly."[4]

Under 28 U.S.C. § 2244(b)(3), a prisoner seeking to file a second or successive habeas petition must first request an order from the court of appeals authorizing the district court to entertain the petition. If the prisoner instead files the successive petition in the district court, the district court must transfer the motion to the court of appeals.[5]

---

[1] Doc. 948.
[2] Doc. 1108.
[3] *Gonzalez v. Crosby*, 545 U.S. 524, 538 (2005).
[4] *Id.* at 531.
[5] *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam).

Case No. 1:14-cv-2257
Gwin, J.

The Court construes Goodwin's Rule 60(b) motion as a successive § 2254 habeas petition and **TRANSFERS** it to the Sixth Circuit for consideration.

IT IS SO ORDERED.

Dated: August 24, 2020       *s/ James S. Gwin*
                                            JAMES S. GWIN
                                            UNITED STATES DISTRICT JUDGE